■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JAKUBEK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FONTANETTA, Appellant. [9 NYS3d 45]—

Judgments, Supreme Court, New York County (Bruce Allen, J.), rendered September 16, 2011, convicting defendants of enterprise corruption, grand larceny in the second degree and nine counts of offering a false instrument for filing in the first degree, and sentencing each defendant to an aggregate term of 1 to 3 years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5) as to each defendant.

The evidence was legally sufficient to establish both defendants' guilt of enterprise corruption and the underlying criminal

acts and substantive counts, and the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Testimony from cooperating witnesses, recorded telephone conversations and paperwork provided circumstantial proof that defendants not only had knowledge of the main witness's criminal enterprise, but were associated with that enterprise and intentionally participated in its fraudulent activities (*see generally People v Kancharla*, 23 NY3d 294 [2014]). Although neither defendant was directly responsible for approving the invoices or billing documentation underlying the fraudulent payment applications, both defendants were in positions of authority with respect to the work performed and their names appear repeatedly in connection with the applications, as conducting field audits, as the addressees of invoices, as contact persons for questions, or in other capacities. The reasonable inferences drawn from that evidence, in conjunction with the testimony and the recorded telephone calls, established the complicity of both defendants in the filing of the fraudulent payment applications. Additionally, the prosecution's main witness testified that he provided unlawful benefits to both defendants, thus proving the bribe receiving criminal acts underlying the enterprise corruption count as to each defendant.

The People laid a proper foundation for the admission of the business records at issue (*see* CPLR 4518 [a]; *People v Cratsley*, 86 NY2d 81, 89 [1995]). In any event, any error in this regard was harmless. Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.